# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 26, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JAMES YOUNG, | * | UNPUBLISHED |
| | * | |
| | * | No. 15-1241V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Robert P. Coleman, III, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 23, 2015, James Young ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioner alleged that he suffered from a left shoulder injury as a result of receiving an influenza ("flu") vaccination on October 24, 2013. Petition at 1. On January 10, 2018, the undersigned issued her Decision finding that petitioner was entitled to compensation. After the parties were unable to informally resolve damages, the undersigned issued a damages ruling, awarding petitioner $100,000.00 for actual pain and suffering and $2,293.15 for past

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

unreimbursable medical expenses. Young v. Sec'y of Health & Human Servs., No. 15-1241V, 2019 WL 396981 (Fed. Cl. Spec. Mstr. Jan. 4, 2019).

On May 22, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 81). Petitioners request compensation in the amount of $45,300.64, representing $42,588.90 in attorneys' fees and $2,711.74 in costs. Fees App. at 1. In compliance with General Order No. 9, petitioner represents that he has personally incurred costs of $1,132.32. Id. Respondent responded to the motion on June 5, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2–3 (ECF No. 82). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $46,374.99.

**I. Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

**a. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

For attorney Ed Kraus, petitioner requests an hourly rate of $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016; $398.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018, and $418.00 per hour for work performed in 2019. For attorney Amy Kraus, petitioner requests $289.00 per hour for work performed in 2014, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, $327.00 per hour for work performed in 2018, and $334.00 per hour for work performed in 2019.

The undersigned finds the requested rates reasonable and in conformance with what Chicago Kent attorneys have previously been awarded in the Vaccine Program. See Arranga v. Sec'y of Health & Human Servs., No. 02-1616V, 2018 WL 2770820, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Additionally, the undersigned finds the requested 2019 rates to be reasonable. Accordingly, no adjustment is necessary.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 129.8 total hours billed by Mr. Kraus and his associates. Fees App. at 11. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and respondent has not objected to any particular entry either. Accordingly, the undersigned finds the hours expended on this matter to be reasonable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, $42,588.90.

### b. Attorneys' Costs

Petitioner requests a total of $2,711.74 in attorneys' costs. This amount is comprised of acquiring medical records, travel to meet with petitioner and to the damages hearing held in Washington, DC, and the Court's filing fee. Petitioner has provided adequate documentation

supporting the requested costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner shall be reimbursed the full amount of costs sought.

### c. Petitioner's Costs

Petitioner requests $1,132.32 for costs personally incurred associated with travel to attend the damages hearing in Washington, DC. Upon review of the requested costs and supporting documentation, the undersigned finds that a reduction is necessary for excessive hotel costs. The records indicate that petitioner stayed one night at the Willard hotel at a cost of $532.21. Fees App. at 56. Petitioner's counsel, on the other hand, stayed at a Marriot Hotel for $474.24, indicating that less excessively expensive options were available. The undersigned will reduce the award of costs by $57.97 to account for difference between the two rooms. Petitioner is therefore awarded costs of **$1,074.35**.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $42,588.90 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$42,588.90** |
| | |
| Attorneys' Costs Requested | $2,711.74 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,711.74** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$45,300.64** |
| | |
| **Petitioner's Costs Awarded** | **$1,074.35** |
| | |
| **Total Amount Awarded** | **$46,374.99** |

**Accordingly, the undersigned awards the following:**

1) **$45,300.64 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Edward Kraus; and**

2) **$1,074.35 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
